IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Koron J. English<br>Kereba G. English aka Kereba G. Perry<br>　　　　　　　Debtors<br><br>Fifth Third Bank<br>　　　　　　　Movant<br>　vs.<br>Koron J. English<br>Kereba G. English aka Kereba G. Perry<br>　　　　　　　Debtors<br><br>William C. Miller, Esq.<br>　　　　　　　Trustee | CHAPTER 13<br><br><br><br>NO. 16-13387 AMC<br><br><br><br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the vehicle held by Movant on the Debtors' residence is **$1,750.92**, which breaks down as follows;

Post-Petition Payments:　　　　　　August 15, 2017 through December 15, 2017 at $364.49
Less Post-Petition Suspense Balance: ($116.53)
**Total Post-Petition Arrears    $1,705.92**

2. The Debtors shall cure said arrearages in the following manner;

a). Beginning with the January 15, 2018 regular monthly payment and continuing through June 15, 2018, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$364.49** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the fifteenth (15th) day of each month, plus an installment payment of **$291.82** towards the arrearages on or before the fourteenth day of each proceeding month at the address below;

Fifth Third Bank

1830 East Paris S.E., MS #RSCB3E

Grand Rapids, MI 49546

b). Maintenance of current monthly vehicle payments to Movant thereafter.

3. Should Debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 9, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant

Date: 02-02-18

Diana M. Dixon, Esq.
Attorney for Debtors

Date: 2-5-18

William C. Miller, Esq. JACKMILLER
Chapter 13 Trustee

No objection

Approved by the Court this 12th day of February, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan